In re Roy Lee MAJORS and Mary Thompson Majors, Debtors.

Roy Lee MAJORS and Mary Thompson Majors, Plaintiffs,

v.

CAPITOL CHEVROLET COMPANY, Defendant.

Bankruptcy No. 381–02486.
Adv. No. 382–0056.

United States Bankruptcy Court, M. D. Tennessee.

March 29, 1982.

William P. Griffin, IV, Nashville, Tenn., for debtors/plaintiffs.

Jacobs H. Doyle, Nashville, Tenn., for defendant.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This adversary proceeding was commenced by the debtors Roy Lee and Mary Thompson Majors' complaint to compel the defendant, Capitol Chevrolet Company (hereinafter "Capitol Chevrolet"), to turn-over a 1972 Chevrolet Nova automobile owned by the debtors. Capitol Chevrolet is currently holding the automobile to secure payment for repairs to the automobile in the amount of $468.00. Capitol Chevrolet opposes the debtors' complaint, contending that the automobile is subject to the defendant's mechanics' lien and therefore may be retained until the bill for the repairs is paid or the debtors offer to adequately protect the defendant's lien in the automobile. Capitol Chevrolet further contends that it did not receive notice of the debtors' bankruptcy proceedings until after the confirmation of the debtors' Chapter 13 plan. A hearing on this matter was held on February 8, 1982. Upon consideration of the proof presented at this hearing, stipulations, exhibits and the entire record, the court finds that the defendant should turn-over the automobile in question to the debtors pursuant to the provisions of 11 U.S.C. § 1327(b).

The following shall constitute findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

In June of 1981, the debtors delivered their 1972 Chevrolet Nova automobile to Capitol Chevrolet for repair work. The cost of the repairs to the automobile totaled approximately $465.93. The debtors subsequently filed a Chapter 13 petition in this court on August 4, 1981. In their Statement of Schedules and Affairs, the debtors listed Capitol Chevrolet as a secured creditor in the amount of $468.00. The name and address of Capitol Chevrolet was also listed on the xerox typing matrix used by the Bankruptcy Court Clerk's office to identify all parties who are to receive notice of any events occurring in the bankruptcy case.

On August 19, 1981, the court issued the order and notice for the debtors' meeting of creditors and the confirmation hearing on the debtors' Chapter 13 plan pursuant to 11 U.S.C. § 342 and Rule 13–203 of the Federal Rules of Bankruptcy Procedure. The court records indicate that Capitol Chevrolet was sent a copy of this notice. The meeting of creditors and confirmation hearing were held successively on September 15, 1981. Capitol Chevrolet was not present at either hearing.

The court issued an order confirming the debtors' Chapter 13 plan on September 15, 1981. The plan provided that Capitol Chevrolet's secured claim would be paid in full by cash payments in the amount of $20.00 per month. The plan also provided that Capitol Chevrolet would retain its lien in the debtors' automobile pursuant to 11 U.S.C. 1325(a)(5)(B)(i).

On October 13, 1981, the debtors' attorney made a written request upon Capitol Chevrolet to return the automobile to the debtors. Capitol Chevrolet has refused to comply with this request.

This matter is now before the court for final resolution.

 Capitol Chevrolet initially asserts that it failed to receive notice of the debtors' bankruptcy proceedings until after the confirmation of the debtors' Chapter 13 plan. The record discloses, however, that the debtors correctly listed the defendant's name and address in their bankruptcy schedules. This same name and address was included on the xerox typing matrix provided by the debtors' attorney for use by the Bankruptcy Court Clerk's office in mailing notices to the debtors' creditors. The record further reveals that the order and notice for the debtors' meeting of creditors and confirmation hearing was mailed to Capitol Chevrolet on August 19, 1981. This mailing was in conformity with Bankruptcy Rule 13–203, which requires the court to give all creditors at least ten days' notice of the meeting of creditors and the confirmation hearing. Finally, there is no indication that the letter sent to Capitol Chevrolet was returned to the court as undeliverable.

■ Rule 906(e) of the Federal Rules of Bankruptcy Procedure specifically provides that "service of notice by mail is complete upon mailing." Notice in a Chapter 13 proceeding is sufficient if it is reasonably designed to bring the matter in question to the creditor's attention. The actual receipt of notice by the creditor is not necessary. *North American Car Corp. v. Peerless Weighing & Vending Machine Corp.*, 143 F.2d 938, 941 (2d Cir. 1944); *In re Torres*, 15 B.R. 794, 796 (Bkrtcy.E.D.N.Y.1981). Notice was therefore effectuated upon the mailing of the August 19, 1981, order to Capitol Chevrolet.

■ In any event, the law is well established that a timely and accurate mailing, such as in this case, raises a rebuttable presumption that the mailed material was received. *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 418, 76 L.Ed. 861 (1932); *In Re Nimz Transportation, Inc.*, 505 F.2d 177, 179 (7th Cir. 1974); *American Family Insurance Group v. Gumieny*, 8 B.R. 602, 604 (Bkrtcy.E.D.Wis.1981); *In the Matter of Heyward*, 15 B.R. 629, 632 (Bkrtcy.E.D.N.Y.1981); *In re Torres*, 15 B.R. at 797. Capitol Chevrolet's mere assertion that they did not receive notice is insufficient to rebut this presumption. *In re Torres*, 15 B.R. at 797.

■ Capitol Chevrolet next asserts that it is entitled to retain possession of the debtors' automobile until either the debtors' bill is paid or the debtors offer adequate protection for Capitol Chevrolet's lien on the vehicle. The debtors' plan, which was confirmed by this court on September 15, 1981, specifically provided that Capitol Chevrolet would have a lien on the debtors' automobile and that the debtors would pay Capitol Chevrolet $20.00 per month until the creditor's claim was fully paid. Pursuant to 11 U.S.C. § 1327, Capitol Chevrolet is bound by the provisions of this confirmed plan regardless of whether it objects to, accepts or rejects the plan.

■ Even if Capitol Chevrolet had been present at the confirmation hearing, it could not have prevented the confirmation of the debtors' plan. A secured creditor such as Capitol Chevrolet cannot object to the confirmation of a Chapter 13 plan if the plan provides for full payment to the creditor and retention of the creditor's lien in the property securing the claim. *See Citizens and Southern National Bank v. Feimster*, 3 B.R. 11, 14 (Bkrtcy.N.D.Ga.1979); *General Motors Acceptance Corp. v. Lum*, 1 B.R. 186, 187–188 (Bkrtcy.E.D.Tenn.1979). The debtors' plan provided Capitol Chevrolet with this protection. The fact that Capitol Chevrolet may or may not have insurance protection is not a grounds for objecting to the confirmation of the plan under 11 U.S.C. § 1325(a), although this may be a basis for seeking relief from the stay pursuant to 11 U.S.C. § 362. *In re Eury*, 11 B.R. 397, 402 (Bkrtcy.N.D.Ga.1981); *In re Colston*, 11 B.R. 251, 255 (Bkrtcy.N.D.Ga.1981).

■ Nor is Capitol Chevrolet entitled to seek adequate protection at this point in the Chapter 13 proceeding. Generally, all issues of adequate protection must be resolved at the confirmation hearing. Once the plan is confirmed, all questions of adequate protection are *res adjudicata* as to subsequent proceedings. *Ford Motor Credit Co. v. Lewis*, 8 B.R. 132, 137–138 (Bkrtcy.D. Idaho 1981); *Associates Commercial Corp. v. Brock*, 6 B.R. 1065, 1065–1066 (Bkrtcy.N. D.Ill., W.D.1980). As the court aptly explained in *Associates Commercial Corp. v. Brock*, 6 B.R. at 1066:

"Congress was wise to provide in section 1327 that after confirmation the property vests in the debtor free and clear of any claim or interest of any creditor provided for in the Plan. A debtor may carry out his duties under a Confirmed Plan without fear of having a creditor pull out from under him the very equipment needed to accomplish the Plan. Section 1327, therefore, virtually renders a secured creditor provided for in a Confirmed Plan impotent. It would appear that such a creditor's remedies are limited to a motion to convert or dismiss in the event the debtor defaults in the payments required to be made to the trustee."

Requiring the debtors to obtain insurance or provide other adequate protection at this late date might very well upset the precarious balance of the debtors' Chapter 13 plan.[1]

■ Once the debtors' Chapter 13 plan was confirmed, all the property of the estate vested in the debtors pursuant to 11 U.S.C. § 1327(b). When Capitol Chevrolet learned of the confirmation of the debtors' Chapter 13 plan, it had an affirmative duty to turnover all property of the estate in its possession to the debtor. *See generally Wariner v. First State Bank of Livingston,* 16 B.R. 216, 5 C.B.C.2d 865, 867 (Bkrtcy.N. D.Tex.1981). Since this court retains jurisdiction over property of the estate until the completion of the Chapter 13 plan, it can certainly compel Capitol Chevrolet to turnover the automobile in question to the debtors should Capitol Chevrolet refuse to voluntarily return such property. *See In the Matter of Berry,* 5 B.R. 515, 2 C.B.C.2d 663, 666 (Bkrtcy.S.D.Ohio 1980); *In re Owen,* Bk. No. 79-30298 (Bankr.Ct.M.D.Tenn. 1979).

■ Capitol Chevrolet also seeks storage costs from the debtors for the time the vehicle remained in Capitol Chevrolet's possession and interest on the repair cost. This court will not consider such a storage charge incurred during the time Capitol Chevrolet was in violation of its duty to turnover the vehicle to the debtors. To do so would allow the creditor to profit from its wrongdoing. For the same reason, this court will not consider Capitol Chevrolet's request for interest. In any event, Capitol Chevrolet has not provided the court with any proof that a contractual basis for such an interest charge existed.

1. If Capitol Chevrolet had promptly brought the issue of adequate protection to the court when it learned of the debtors' bankruptcy proceedings on October 13, 1981, the court might have been favorably inclined to consider the issue due to the creditor's apparent failure to receive notice of the debtors' Chapter 13 petition. *See North American Car Corp. v. Peerless Weighing & Vending Machine Corp.,* 143 F.2d at 941; *In re Torres,* 15 B.R. at 797. The creditor, however, has taken no action to peti-

■ Finally, the court has the authority to award costs or attorney fees to a debtor pursuant to Rule 754(b) of the Federal Rules of Bankruptcy Procedure if the creditor unduly delays in returning property of the estate to the debtor. These costs would include damages for the debtor's loss of the use of the property. *See Ford Motor Credit Co. v. Lewis,* 8 B.R. at 138. Furthermore, if the creditor acts in bad faith in withholding the property of the estate from the debtor, then this court, as a court of equity, can and will assess attorneys' fees against the creditor for his wrongful actions. *See Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973); *Sprague v. Ticonic National Bank,* 307 U.S. 161, 164–167, 59 S.Ct. 777, 778–780, 83 L.Ed. 1184 (1939); *In re Moskowitz,* 15 B.R. 790, 794 (Bkrtcy.S.D.N.Y.1981); *Brooks v. Ford Motor Credit Co.,* 12 Bankr.Rep. 283, 285–286 (Bkrtcy.W.D.Mo., W.D.1981); *In re Lafayette Radio Electronics Corp.,* 8 B.R. 973, 978 (Bkrtcy.E.D.N.Y.1981). No such request, however, was made by the debtors in this case. Even though the debtors waited until this late date to seek the turnover of their automobile from Capitol Chevrolet, the court would have acted favorably on a request for costs and attorney fees if the debtors had made such a request in their petition or in open court.

■ Accordingly, the court will order the creditor Capitol Chevrolet to turnover the 1972 Chevrolet Nova automobile to the debtors pursuant to 11 U.S.C. § 1327(b). Since the debtors have not requested either costs or attorney fees, the court will not of its own initiative award such damages to the debtors. Nor will the court consider any application by the debtors for such damages at any future date.

IT IS SO ORDERED.

tion this court for any type of relief. Instead, the creditor has retained possession of the debtors' automobile in spite of repeated requests by the debtors for the return of the vehicle. This court will not tolerate such a cavalier approach to the authority and jurisdiction of this court. At some point the interest of final resolution of the debtors' Chapter 13 plan must outweigh the creditor's interest in adequate procedure. *See In re DCA Development Corp.,* 489 F.2d 43, 46–47 (1st Cir. 1973).