In re Leonard E. TREISTER, Debtor,

OBERON INVESTMENTS, N.V., a Netherlands Antilles Corporation, Plaintiff,

v.

Leonard E. TREISTER, Esq., Defendant.

**Bankruptcy No. 83 B 10731.**
**Adv. No. 83–6054 A.**

United States Bankruptcy Court, S.D. New York.

March 21, 1984.

Shalle Stephen Fine, Coral Gables, Fla., for Oberon Investment, N.V.

Harris D. Leinwand, New York City, for debtor.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

Leonard Treister ("Treister") moves to dismiss a complaint filed by Oberon Investments, N.V. ("Oberon"), a Netherlands Antilles Corporation. The Oberon complaint seeks an order declaring the debt owed to it by the debtor Treister to be nondischargeable. Treister's motion to dismiss alleges that the complaint was filed after the relevant bar date and therefore cannot be now heard. Oberon does not dispute that its complaint was indeed filed "late" but maintains that it had never actually received notice of the bar date and therefore cannot be bound by it.

After reviewing the papers submitted by both sides and the joint pre-trial order, and after a hearing on the merits of Treister's motion to dismiss Oberon's complaint, the Court, for the reasons below, decides to grant Treister's motion.

### A. *Background*

On May 13, 1983, Treister filed a petition for an order for relief. The case was filed under Chapter 7 and was referred to this Court.

A notice to creditors was prepared by the Court fixing September 16, 1983, as the last day for filing objections to the dischargeability of claims or to Treister's discharge. The notice was mailed by the Court on June 9, 1983 to creditors appearing on a matrix. The matrix was supplied by Treister and marked into evidence at trial as debtor's exhibit 2.

The bankruptcy court's file reflects a certificate of mailing by the bankruptcy clerk. The certificate states that a copy of the notice to creditors concerning, *inter alia*, the meeting of creditors and the September 16 bar date, was mailed on June 9, 1983 to all creditors which were named in the debtor's schedules or on other lists of creditors filed in the case. The schedule of creditors annexed to Treister's petition and a matrix of creditor names and addresses included Oberon c/o Daniel Mones, Esq., 4500 Biscayne Boulevard, Miami, Florida. No one contends that notice was not actually mailed in accordance with the matrix and/or the debtor's schedules. Furthermore, there is no indication that any notices were returned by the mails as undeliverable.

Daniel Mones is an attorney at law, whose practice is located at 4500 Biscayne Boulevard, Miami, Florida. Mr. Mones is now and was at the time of the filing of Treister's petition, co-counsel for Oberon. The notice to Oberon of the applicable bar date was mailed to Mones at his office at 4500 Biscayne Boulevard. The notice clearly stated that September 16 was the last day for filing objections to discharge and complaints to the dischargeability of any particular debt. Oberon's complaint objecting to the dischargeability of its debt however was filed on November 2, 1983, well over two (2) weeks after the September 16 bar date.

Oberon maintains that notice should have been sent either to Mone's co-counsel, Shalle Stephen Fine ("Fine") or to Mones c/o Fine. Fine apparently was more active in representing Oberon in the underlying dispute with Treister. Fine's business address of 370 Minorca Avenue, Coral Gables, Florida was apparently the "address of record" for both Fine and his co-counsel Mones in an action commenced by Oberon against Treister in Florida. That action, stayed by the filing of Treister's petition, concerns the merits of the debt allegedly owed by Treister to Oberon.

Treister, on the other hand, argues that notice of the bar date, which was sent to Mone's business address at 4500 Biscayne Boulevard, was duly served notwithstanding Oberon's contention that the notice should have been mailed to the address of record. This Court agrees.

## B. *Discussion*

 Notice is sufficient if it is reasonably designed to bring the matter in question to the creditor's attention. *In re Torres*, 15 B.R. 794 (Bkrtcy.E.D.N.Y.1981). In this case, notice of the relevant bar date was mailed to Mones, one of Oberon's Florida counsel, at Mones' business address. Mones testified that he maintained an active daily presence at his business address and that he regularly and personally reviews all the mail sent to his office. As co-counsel to Oberon in Oberon's Florida suit against Treister, Mones demonstrated an intimate knowledge of the facts of the underlying dispute with Treister. While perhaps not lead counsel to Oberon in that dispute, Mones certainly could have appreciated the significance of the September 16 bar date to Oberon's claim against Treister. Therefore, notice of the bar date mailed to Mones at his business address was sufficient to bring the matter in question to Oberon's attention. Neither Treister nor this Court were required to do more.

 Mones nevertheless maintains that notice of the September 16 bar date was never actually received by him. He therefore concludes that his client Oberon

should not be bound by that date. However, bankruptcy rule 906(e), now rule 9006(e), specifically provides that "notice by mail is complete upon mailing". This provision has been construed as rendering irrelevant the issue of whether a creditor actually receives notice. *In re Richard Johnson Seats*, 1 B.C.D. 320 (Bkrtcy.E.D. Va.1974); *See also, In re Majors*, 19 B.R. 275 (Bkrtcy.M.D.Tenn.1982). As noted above, no one disputes that the bankruptcy clerk had mailed a notice of the bar date to all creditors, including Oberon. Indeed, there is presumption that government officers faithfully perform their duties. *See In re Figueroa*, 33 B.R. 298 (Bkrtcy.S.D.N. Y.1983). Under these circumstances, therefore, a literal application of rule 9006(e) obviates the need to inquire into whether Oberon actually received notice.

Moreover, even if this Court were inclined to permit Oberon's late filed complaint on the grounds that actual notice was not received, the Court cannot do so based upon naked assertions made to that effect. *See Majors* at 278; *In re Markey*, 33 B.R. 332 (Bkrtcy.N.D.Ohio 1983). Given the absence of any credible evidence to support a position that notice of the September 16 bar date was never actually received, the Court must adhere to a contrary presumption, and hold accordingly. *Id.* The Court is not persuaded that the equities in this case would require otherwise.

Therefore, the Debtor's motion to dismiss is granted. The Debtor's request for costs is denied.

It is so ordered.