**In re Edwin Charles SERRICK and Kathryn Teresa Serrick, Debtors.**

No. 89–03681.

United States Bankruptcy Court, N.D. Ohio, W.D.

Aug. 8, 1992.

Raymond L. Beebe, Toledo, Ohio, for debtors.

Elizabeth A. Vaughan, Toledo, Ohio, Trustee.

## OPINION AND ORDER OVERRULING OBJECTION TO EXEMPTIONS

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon the trustee's objection to Debtors' exemptions. Upon consideration thereof, the court finds that said objection is not well taken and should be overruled.

## FACTS

On December 19, 1989, Debtors filed their voluntary petition under chapter 7 of title 11. Thereafter, on January 11, 1990, the trustee was appointed. The § 341 meeting was concluded on February 21, 1990. On August 15, 1990, Debtors filed an amendment to their exemptions, listing their interests in a class action settlement for potential claims for chemical contamination. On March 13, 1992, the trustee filed the instant objection to exemptions stating that Debtors failed to serve a copy of the amendment upon the trustee and that Debtors' claimed exemptions are not valid.

In her brief in support of objection, the trustee states that Debtor, at the § 341 meeting, testified as to their involvement as members of a class action lawsuit. The trustee was informed by Debtors' counsel, that he intended to file supplemental documentation regarding that action upon receipt of additional information. As a result of the trustee's communication with the attorney representing Debtors in the class action lawsuit, the trustee was informed that disbursements had been made to Debtors in the amounts of $5,955.51 and $3,970.34. The trustee subsequently filed a complaint to revoke discharge. Complaint to Revoke Discharge, Adv. No. 91–3531 (December 6, 1991).

Debtors answered the trustee's complaint asserting that the funds in issue were fully exempt as set forth in an amendment filed with the court on August 15, 1990. The certificate of service of the amendment, however, is incomplete; it reflects service of the amendment in August, 1990, without specifying the date thereof. The amendment exempts the full amount of the proceeds, $9,925.86, pursuant to certain enumerated subsections of O.R.C. § 2329.66. Additionally, Debtors oppose the trustee's objection claiming that because the trustee failed to object within the appropriate time period, it is now inequitable to demand the return of the lawsuit funds.

## DISCUSSION

The court concurs with the trustee that *Taylor v. Freeland & Kronz*, 503 U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280, (1992), is not factually analogous; however, the court finds *Taylor* dispositive of the trustee's objection.

Bankruptcy Rule 1009(a) requires the Debtor to give notice of an amendment to the trustee. Bankruptcy Rule 4003(b) permits the trustee 30 days after the conclusion of the § 341 meeting in which to file an objection to Debtor's exemption. In the instant situation, Debtors filed an amendment, with the court, on August 15, 1990. That amendment certifies that a copy was served upon the trustee "this —— day of August, 1990." The certificate of service is incomplete as it fails to specify the day; the trustee asserts that she did not receive a copy of that amendment.

"The common law has long recognized a presumption that an item properly mailed was received by the addressee." *In re Yoder Co.*, 758 F.2d 1114, 1118 (6th Cir. 1985) (citing *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932)). However, "[t]estimony of non-receipt is evidence that the notice was not mailed." *Id.* at 1117 (citation omitted). The court, reviewing the certificate, is concerned that same was not properly posted. Additionally, because the trustee asserts that she did not receive the amendment, the court accepts this statement of non-receipt. However, for the reasons stated, *infra*, the court finds that the trustee's objection should be overruled.

In *Taylor, supra*, the United States Supreme Court permitted the Debtor the exemption claimed, despite the dubious validity of such a claim. Like the instant situation, Debtor, in *Taylor*, informed the trustee, at the § 341 meeting of a pending lawsuit which Debtor believed would result in a judgment in her favor. Unlike the instant situation, Debtor, in *Taylor*, claimed an exemption to the potential proceeds in her petition, rather than an amendment; the trustee did not object within the time provided by Bankruptcy Rule 4003(b). The Court found that the trustee's failure to act promptly prevented him from challenging the validity of the exemption at a subse-

quent date. The *Taylor* Court stated that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Id.* 503 U.S. at ——, 112 S.Ct. at 1648, 287 L.Ed.2d at 287. Additionally, the Court suggested that various bankruptcy code sections and rules limit bad-faith claims of exemptions; "[t]o the extent that they do not, Congress may enact comparable provisions to address the difficulties that" may follow the decision. *Id.* 503 U.S. at ——, 112 S.Ct. at 1648–49, 287 L.Ed.2d at 288.

In the instant situation, the trustee was aware of the outstanding lawsuit at the § 341 meeting, February, 1990. She could have, at that time, requested that she be substituted in prosecuting that action as Debtors' interest therein represents property of the estate pursuant to 11 U.S.C. § 541. *See In re Cottrell,* 876 F.2d 540 (6th Cir.1989). The trustee did not request substitution.

The record also reflects that the trustee was awaiting resolution of that class action lawsuit before administering the estate. The trustee's interim reports, filed with the court on April 26, 1991 and October 25, 1991, list the action and assets to be liquidated in the amount of $15,548.84 (Debtors' amendment reflects receipt of $9,925.86 ($3,970.34 (Edwin) + $5,955.52 (Kathryn) = $9,925.86)). *See also* Complaint to Revoke Discharge, Exhibit (December 6, 1991) (copies of cancelled checks of $3,970.34 (Edwin) and $5,955.51 (Kathryn)). Based upon this chronology, the court is unsure how Debtors' receipt of the funds came to the trustee's attention. Indeed, the trustee was aware of the pending lawsuit in 1990; yet, she failed to act in response to this information until December, 1991 when she filed a complaint to revoke discharge.

Considering the time that elapsed between the trustee's awareness of the pending lawsuit and the filing of the instant objection, the court will not, at this late date, sustain the trustee's objection. As the Supreme Court noted in *Taylor,* deadlines produce finality. *See supra* p. 194; *In re Arevalo,* 142 B.R. 111 (D.N.Y.1992)

(the Supreme Court read both Rule 4003(b) and 11 U.S.C. § 522(1) very literally, holding that the trustee could not contest the validity of the claimed exemption after the 30 day period expired, in spite of the fact that the exemption was not apparently valid).

Given that the Debtors received the lawsuit funds in 1990 and almost two years have elapsed since that receipt, the court will not, now, permit the trustee to successfully object to Debtors' claim of exemption. Had the trustee acted in some fashion at an earlier time, despite the defective certificate of service, the outcome of this case may have been different. However, to sustain the trustee's objection would work an undue hardship and injustice upon Debtors; this the court will not do.

Because the court finds that the trustee's objection is not well taken for the reason that it is untimely, the court need not address the validity of Debtors' claimed exemption. In light of the foregoing, it is therefore

ORDERED that the trustee's objection to exemptions claimed by Debtors in their amendment filed August 15, 1990 be, and hereby is, overruled.