In re SCHEPPS FOOD STORES, INC., Stop N Go Markets of Georgia, Inc., National Convenience Stores Incorporated, Stop N Go Markets of Texas, Inc., Second NCS Realty Company, Third NCS Realty Company, Fourth NCS Realty Company, Sixth NCS Realty Company, Seventh NCS Realty Company, Ninth NCS Realty Company, Eighth NCS Realty Company, Tenth NCS Realty Company, Eleventh NCS Realty Company, Twelfth NCS Realty Company, Thirteenth NCS Realty Company, Kempco Petroleum Company, Hot Stop Foods, Inc., Texas Super Duper Markets, Inc., Jay's Washaterias, Inc.

Bankruptcy Nos. 91–49816–H2–11, 91–49818–H3–11 to 91–49835–H2–11, 91–49816–H4–11.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

March 2, 1993.

Edward L. Ripley, Sheinfeld, Maley & Kay, Houston, TX, for debtor.

## MEMORANDUM OPINION

WILLIAM R. GREENDYKE,
Bankruptcy Judge.

Pending before the Court are four Motions for Leave to File a Late Proof of Claim. The four creditors requesting leave are: Leona Forzano (Forzano), Roland Baldwin (Baldwin), Armand Giles (Giles) and Henry Silvas (Silvas). After having heard oral arguments and having considered these motions, as well as the responses and objections of the debtor and the unsecured creditors' committee, the Court denies each of these motions.

## FACTS

On December 9, 1991 the debtor filed for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 3003, the Court set June 4, 1992 as the bar date for the filing of proofs of claim. Since the passing of this bar date, four personal injury claim-ants have requested leave to file a late proof of claim. Each asserts that they did not receive the Notice of Meeting of Creditors, Automatic Stay and Procedures to File Claims [hereinafter Notice of Bar Date], which contained the proofs of claim bar date.

Three of the four creditors are scheduled unsecured creditors: Forzano, Baldwin and Giles. These three creditors had personal injury suits pending when the debtor filed bankruptcy. The fourth creditor, Silvas, was not a scheduled creditor. To date, Silvas has not filed a lawsuit. Consequently, the debtor was unaware of his claim. Since Silvas was an unknown creditor, obviously the debtor did not send him any of the notices sent to other creditors.

The facts relating to the three known creditors are very similar. In each case, the creditor's attorney received notice of the bankruptcy in January or February of 1992. The addresses of the three creditors were correctly listed on both the debtor's schedules and on the proof of service for the Notice of Bar Date. Forzano, Forzano's attorney (Steinman), Baldwin and Giles all assert that they did not receive the Notice of Bar Date. Baldwin and Giles presented both live testimony of nonreceipt and affidavits to that effect. Steinman submitted an affidavit asserting that neither he nor Forzano received the notice.

The debtor and NightRider (the debtor's court-approved mailing service) have implemented special procedures to deal with returned mail: the debtor attempts to update or correct the address and then remails the item. According to the debtor and NightRider, none of the mail addressed to Forzano, Baldwin or Giles was returned. Although originally the Notice of Bar Date sent to Steinman was returned, it was subsequently remailed and not returned again. In addition, Forzano, Steinman and Baldwin have acknowledged that they have received other mail from the debtor at the addresses listed on the schedule.

## DISCUSSION

I. Fifth Amendment Due Process

The Fifth Amendment provides that no one shall be "deprived of life, liber-

ty, or property, without due process of law." U.S. Const. amend. V. A due process violation occurs when there is a deprivation of property without notice and an opportunity to be heard. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087, 1090 (6th Cir.1990). If the four creditors in this case are not allowed to file their proofs of claims late, then they will lose their personal injury claims against the debtor. Such a loss constitutes a deprivation of property. *See Cardinal Mine,* 916 F.2d at 1089–92 (refusal to allow a creditor to file a late proof of claim constitutes a deprivation of property). *Cf. Tulsa Professional Collection Servs., Inc. v. Pope,* 485 U.S. 478, 485, 108 S.Ct. 1340, 1345, 99 L.Ed.2d 565 (1988) (an unsecured claim against the deceased's estate constitutes property protected by the Fourteenth Amendment). The due process clause requires "notice reasonably calculated, under the circumstances, to apprise the interested parties of the pendency of the action ..." *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657. Although notice must be more than a mere gesture, the due process clause does not impose impractical barriers. *Id.* at 313–14, 70 S.Ct. at 657.

■ Bankruptcy law clearly distinguishes between known and unknown creditors. *See Walters v. Hunt (In re Hunt),* 146 B.R. 178, 182 (Bankr.N.D.Tx.1992). If the debtor is unaware of the creditor's claim, then the debtor can not possibly give the creditor actual notice. Therefore, due to necessity, publication notice satisfies the due process requirements for unknown creditors if the published notice is reasonably calculated to apprise the unknown creditors of the pending bankruptcy. *See Mullane,* 339 U.S. at 317, 70 S.Ct. at 658; *Wright v. Placid Oil Co.,* 107 B.R. 104, 106 (N.D.Tx.1989); *In re Hunt,* 146 B.R. at 182. In this case, Silvas, the unknown creditor, received notice sufficient to satisfy the due process requirements when he received publication notice. Moreover, Silvas had constructive knowledge of the pending bankruptcy once his attorney received the Suggestion of Bankruptcy.[1] *See Grossie v. Sam (In re Sam),* 894 F.2d 778, 779–81 (5th Cir.1990) (finding that the creditor had notice of the bankruptcy when his attorney received notice of the automatic stay).

■ On the other hand, the use of publication notice to notify known creditors fails to satisfy the dictates of the due process clause. *See Mullane,* 339 U.S. at 318, 70 S.Ct. at 659 (if the party affected by the action is known, then the justification for allowing publication notice disappears). Under the due process clause, known creditors must be given actual notice of the pending bankruptcy. *See In re Sam,* 894 F.2d at 781–82; *In re Hunt,* 146 B.R. at 182. *Cf. Tulsa,* 485 U.S. at 489, 108 S.Ct. at 1347. However, once creditors know about the bankruptcy, then they must take steps to protect their rights.[2] *See In re Hunt,* 146 B.R. at 184 (a creditor may not wait indefinitely before filing a proof of claim); *In re Cmehil,* 43 B.R. 404, 408 (Bankr.N.D.Ohio 1984) (once creditors know about the bankruptcy, then they may not "sleep on their rights"); *In re Mission-*

---

1. Silvas, Baldwin and Giles are all represented by Arturo L. Barrera. In January 1992 Barrera received a copy of the Suggestion of Bankruptcy filed in both Baldwin and Giles' state court cases.

2. The Eleventh Circuit has found the opposite to be true. In *Spring Valley* the court applied due process standards to a discharge under Bankruptcy Code § 1141. The court held that despite the creditors' actual knowledge of the bankruptcy, due process concerns prohibit the discharge of a claim if the creditor did not receive notice of the proofs of claim bar date. *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.),* 863 F.2d 832, 935 (11th Cir.1989). The facts in *Spring Valley* are readily distinguishable from the case at hand. In *Spring Valley* the creditors protesting the discharge were several known creditors. The debtor, however, had chosen to schedule only one of these creditors. Thus, most of the creditors were never sent the Notice of Bar Date. In the case at hand, all three of the known creditors were scheduled and all three were sent notice. Further, the court in *Spring Valley* was considering whether the claim should be discharged under § 1141. In this case the question is whether to allow the creditors to file late proofs of claims.

*ary Baptist Found. of Am., Inc.*, 41 B.R. 467, 471 (Bankr.N.D.Tx.1984) (a creditor with actual knowledge of the pending bankruptcy has a duty to inquire about the status of the bankruptcy).

II. Presumptions

In addition to the due process clause requirements, Bankruptcy Rule 2002(a)(8) requires that known creditors be given at least 20 days notice by mail of the proofs of claim bar date.[3] Consequently, the inquiry shifts from due process considerations to determining whether the debtor sent the known creditors proper notice.

▆▆▆ According to the 1983 advisory committee note, the notice requirement under Bankruptcy Rule 2002(a)(8) is satisfied when the notice is mailed. *See Oppenhiem, Appel, Dixon & Co. v. Bullock (In re Robintech)*, 863 F.2d 393, 395 (5th Cir. 1989), *cert. denied*, 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989). Correspondingly, Bankruptcy Rule 9006(e) states that "notice by mail is complete on mailing." These rules imply that correctly mailed notice creates a presumption that proper notice was given. Further, correctly mailed notice also triggers a parallel common law presumption that proper notice was given. *See In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459 (7th Cir.1988), *cert. denied*, 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989). *Cf. Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 430, 76 L.Ed. 861 (1932); *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). Although many courts refer to this

presumption as a "presumption of receipt," the real issue is whether the sender properly mailed the notice, not whether the intended recipient received it. *See Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 207 (9th Cir.1991) (a certificate of mailing " 'or proof of a custom of mailing, raises the presumption that notices were properly mailed and therefore received' ") (quoting *Osborn v. Ricketts (In re Ricketts)*, 80 B.R. 495, 497 (9th Cir. BAP 1987)); *In re Longardner*, 855 F.2d at 459 (actual receipt is not required); *Oberon Invs., N.V. v. Treister (In re Treister)*, 38 B.R. 228, 230 (Bankr.S.D.N.Y.1984), *aff'd*, Bankr.L.Rep. (CCH) ¶ 70,664, 1985 WL 2044 (S.D.N.Y. July 19, 1985) (Rule 9006(e) obviates the need ᵗo discover whether notice was actually received). *Cf. Beck*, 882 F.2d at 996 (the question is whether the letter was mailed).

▆▆▆ Most bankruptcy cases hold that the mere denial of receipt is insufficient to rebut the presumption that proper notice was given. However, denial of receipt does raise a question of fact. *See In re Bucknum*, 951 F.2d at 206–07 (an affidavit denying receipt does not rebut the common law presumption); *In re Longardner*, 855 F.2d at 459 (denial of receipt alone does not rebut the common law presumption, it merely raises a question of fact); *In re Treister*, 38 B.R. at 230 (a naked assertion of nonreceipt is insufficient to rebut the presumption under Bankruptcy Rule 9006(e)). *Cf. Beck*, 882 F.2d at 996 (the common law presumption is not rebutted by an employee's testimony that he did not remember receiving the letter and that he

---

**3.** In the context of Bankruptcy Code § 523 nondischargeability complaints, the Fifth Circuit has repeatedly held that actual knowledge of a pending bankruptcy is sufficient notice to bar late complaints. Although this holding is contrary to the notice requirements in Bankruptcy Rule 4007(c), the court has held that due to inconsistencies between the Bankruptcy Code and the Bankruptcy Rules, technical compliance with Bankruptcy Rule 4007(c) is not required. Pursuant to § 523(a)(3)(B), certain unlisted and unscheduled debts are nondischargeable unless the creditor had notice or actual knowledge of the pending bankruptcy and failed to timely file a proof of claim or nondischargeability complaint. In contrast, Bankruptcy Rule 4007(c) requires that creditors be given at least 30 days

notice of the nondischargeability complaint bar date. Thus, the rule requires notice of the bar date while the statute requires either notice or actual knowledge of the pending bankruptcy. *See In re Sam*, 894 F.2d at 780–82; *Sanchez Ramos v. Compton (In re Compton)*, 891 F.2d 1180, 1184–87 (5th Cir.1990); *Neeley v. Murchison*, 815 F.2d 345, 346–47 (5th Cir.1987).

This line of cases does not apply to the case at hand. The inquiry in the Fifth Circuit cases is limited to the application of § 523(a)(3)(B). The scope of § 523 is expressly limited to individual debtors. *See In re Compton*, 891 F.2d at 1184 n. 7. Since this case involves a corporate debtor, § 523 does not apply. Consequently, the Fifth Circuit cases are inapposite.

did not remember whether the person who signed for it was an employee). This rule is based on practicality, rather than on equity. If denial of receipt alone could rebut the presumption that notice was given, then " 'the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled.' " *See In re Bucknum*, 951 F.2d at 206–07 (quoting *Osborn v. Ricketts (In re Ricketts)*, 80 B.R. 495, 497 (9th Cir.BAP 1987)). *See also In re Robintech*, 863 F.2d at 397–98. Consequently, the question of fact which arises when evidence of nonreceipt is presented is not whether notice was received, but rather whether notice was properly sent. *See Osborn v. Ricketts (In re Ricketts)*, 80 B.R. 495, 498 (9th Cir.BAP 1987) (Jones, J., concurring). *But see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dodd (In re Dodd)*, 82 B.R. 924, 929 (N.D.Ill.1987) (testimony of nonreceipt, combined with the evidence of a standardized procedure for dealing with claims, is sufficient to rebut the presumption). Thus, while one creditor's denial of receipt taken alone does not rebut the presumption, evidence that the notice was never sent or that no one in the case received notice does rebut the presumption. *See In re Ricketts*, 80 B.R. at 498 (Jones, J., concurring). In effect, the presumption may only be overcome by "evidence that the mailing was not, in fact, accomplished." *Id.* The courts consider factors such as whether the notice was correctly addressed, whether proper postage was affixed, whether it was properly mailed and whether a proper certificate of service was filed. *See In re Longardner*, 855 F.2d at 459; *In re Serrick*, 146 B.R. 192, 193 (Bankr.N.D.Ohio 1992); *Torwico Elecs., Inc. v. New Jersey, Dep't of Envtl. Protection (In re Torwico Elecs., Inc.)*, 131 B.R. 561, 572 (Bankr.D.N.J.1991). *Cf. Hagner*, 285 U.S. at 430, 52 S.Ct. at 419; *Beck*, 882 F.2d at 996.

Frequently, courts cite *Bratton v. Yoder Co. (In re Yoder Co.)*, 758 F.2d 1114 (6th Cir.1985), as following a minority view that evidence of nonreceipt overcomes the "presumption of receipt." *See In re Longardner*, 855 F.2d at 459; *In re Torwico*, 131 B.R. at 573. However, if the "presumption of receipt" is viewed as a presumption that notice was properly given, then *Yoder* does not present a minority view. In *Yoder* a scheduled unsecured creditor requested leave to file a late proof of claim. It was unknown whether the notice stating the proofs of claim bar date was sent using the court's mailing list (which did not include the creditor's name) or the debtor's mailing list (which did include the creditor's name). *See In re Yoder*, 758 F.2d at 1117. The Sixth Circuit held that "[t]estimony of non-receipt [wa]s evidence that the notice was not mailed." *Id.* Some courts interpret *Yoder* as holding that testimony of nonreceipt rebuts the "presumption of receipt." *See In re Wm. B. Wilson Mfg.*, 59 B.R. 535, 539 (Bankr.W.D.Tx.1986) (dictum). In fact *Yoder* simply restates the majority rule: when considering whether proper notice was given, denial of receipt raises a question of fact.

Further, an analogy can be drawn between Bankruptcy Rules 9006(e) and 7004(b). In adversary proceedings, Bankruptcy Rule 7004(b) allows service by first class mail, postage prepaid. In contrast to Rule 4(c) of the Federal Rules of Civil Procedure, Rule 7004(b) does not require acknowledgement of receipt. *See McElhaney v. Student Loan Servs. (In re McElhaney)*, 142 B.R. 311, 313 (Bankr.E.D.Ark. 1992) (unlike the Federal Rules of Civil Procedure, the Bankruptcy Rules do not require acknowledgement of receipt); *Fleet v. United States Consumer Council, Inc. (In re Fleet)*, 53 B.R. 833, 840 (Bankr. E.D.Pa.1985) (Bankruptcy Rule 7004(b) does not require acknowledgement of receipt). The absence of this requirement clearly indicates that, under the Bankruptcy Rules, the sender's obligations are fulfilled when the notice or complaint is sent. *See Hammer v. Drago (In re Hammer)*, 940 F.2d 524, 526 (9th Cir.1991) (service is complete when mailed to the address listed on the debtor's bankruptcy petition); *Attorney Registration and Disciplinary Comm'n of the Supreme Court of Ill. v. Betts (In re Betts)*, 142 B.R. 819, 825 (Bankr.N.D.Ill.1992) (under Bankruptcy

Rule 7004, service is complete upon mailing, not upon delivery).

 In this case, the debtor succeeded in creating the presumption that proper notice was given to the three known creditors: Forzano, Baldwin and Giles. The only evidence offered to rebut this presumption is that each of the known creditors denies receiving the Notice of Bar Date. Steinman's affidavit asserts that neither he nor Forzano received the notice. Steinman's assertion on behalf of Forzano is inadmissible hearsay. Fed.R.Evid. 802. Baldwin and Giles offered both live testimony and their affidavits asserting that they did not receive the notice. In all three cases the creditor failed to present sufficient evidence to rebut the presumption that proper notice was given.

III. Conclusion

With regard to the three known creditors, the debtor satisfied the due process requirements of the Fifth Amendment and the notice requirements of the Bankruptcy Rules and the common law. Since all three of the creditors received actual notice of the bankruptcy, they were not denied due process. Further, the notice requirements were met once the debtor correctly addressed,[4] stamped and mailed the Notice of Bar Date to each of the creditors and none of the notices were returned. These creditors have failed to present sufficient evidence to rebut the presumption that proper notice was given. The fourth creditor, Silvas, was an unknown creditor who received publication notice of the bankruptcy and whose attorney received actual notice of the bankruptcy. Publication notice satisfies the constitutional notice requirements for unknown creditors.

The foregoing discussion constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Orders denying the respective motions to allow late filing of claims will be entered this date.

---

4. The Court notes that Giles was listed on the schedule as "Armando Giles," rather than "Armand Giles." Giles testified that he would refuse delivery of anything addressed to "Armando" since his name is "Armand." While a defect of this type may weaken the presumption, it does not overcome it. Further, the presumption is strengthened by the fact that none of the mail sent to Giles was ever returned. *See In re Longardner,* 855 F.2d at 460 (while the presumption is weakened by the absence of a zip code, it is strengthened by the fact that the notice was never returned).