**In re Robert Wayne McDOWELL, Debtor.**

**Joyce E. McDOWELL, and Sparks State Bank, Appellants,**

v.

**Robert Wayne McDOWELL, Appellee.**

Civ. A. No. 86–0271.

United States District Court, M.D. Pennsylvania.

April 28, 1986.

Victor A. Neubaum, Malone & Neubaum, York, Pa., for Sparks State Bank.

Lawrence G. Frank and Dorothy L. Messner, Harrisburg, Pa., for Joyce E. McDowell.

John W. Thompson, Jr., York, Pa., for Robert Wayne McDowell.

## MEMORANDUM

CALDWELL, District Judge.

This is an appeal from a decision, dated January 30, 1986, 57 B.R. 310 (Bkrtcy.M.D. Pa.), of the Honorable Robert J. Woodside, a bankruptcy judge in this judicial district. Judge Woodside decided that he lacked authority to enlarge the time for filing objections to the discharge of the debtor, where the request for the extension of time was made after the expiration of the original period for objection to discharge. After reviewing the arguments of the litigants, and based upon our own research, we conclude the issue was correctly reasoned and decided and that the appeal must be dismissed.

Bankruptcy Rule 4004(a) provides that in chapter 7 cases that:

"... a complaint objecting to a debtor's discharge ... shall be filed not later than sixty days following the first date set for the meeting of creditors...."

It is significant that the rule refers to "the first date *set* for the meeting of creditors," and not to sixty days from the first meeting of creditors.

Rule 4004(b) provides that the date for objecting to discharge may be extended, no doubt recognizing that delays may occur. But the language of 4004(b) specifically requires that any such request "shall be made before such time [for filing objections] has expired." Thus Rule 4004(a) and (b) states two things in straightforward terms. First, objections to discharge must be filed within sixty days of the date *set* for the meeting of creditors; and second, the sixty day period may be extended but only if application for extension *is made within* the original sixty day period.

In attempting to overcome this rather explicit requirement, appellants request that we invoke the doctrine of excusable neglect as contained in Rule 9006. Except as limited by subsections (2) and (3), Rule 9006(b)(1) vests the bankruptcy court with power to enlarge the period for compliance with many of the time requirements of the rules. Under Rule 9006, if application to enlarge is made before expiration of a time period the court may enlarge in its discretion. However, if application is made after the expiration of a time period the court can grant relief only where it finds the failure to act was the result of excusable neglect.

"Excusable neglect" is relied upon in this appeal but we find the bankruptcy court correctly concluded that resort could not be had to this portion of Rule 9006. As noted, the relief available under 9006(b)(1) is limited by subsections (2) and (3). Rule 9006(b)(3) provides that the time period established in Rule 4004(a) may be enlarged "only to the extent and under the conditions stated" in that rule. What Rule 9006(b)(3) is saying is that the 60 day time limitation in 4004(a) must be enlarged under the terms of that rule. Appellant argues that the language of 9006(b)(3) is limited to 4004(*a*). This in our opinion is incorrect because Rule 4004(a) contains no enlargement provision. It seems clear that what is intended by 9006(b)(3) is reference to the entirety of Rule 4004, or at least that part of the rule that does deal with enlargement, i.e. 4004(b). We conclude that because of the limitation contained in subsection (b)(3), Rule 9006 has no application at all when dealing with the time, or the enlargement of time, for objecting to discharge under Rule 4004.

We recognize that it might be desirable to bend the rules in this case to achieve a certain result. This, however, is not our function and exceeds our authority. We have carefully studied the conflicting results reached by bankruptcy courts construing these rules in other cases. We believe our disposition adheres to the language of the rules and is the better reasoned view. We will uphold the decision of the Bankruptcy Court.