In the Matter of Benjamin HERSHKOVITZ and Haya Hershkovitz, Debtors.

Joan Turner DWYER and Joan Turner Dwyer as Guardian of Kelly Turner, Plaintiffs,

v.

Benjamin HERSHKOVITZ and Haya Hershkovitz, Defendants.

Bankruptcy No. 88–09863–ADK. Adv. No. 89–0173A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

July 6, 1989.

817

David H. Cofrin, Lamar, Archer & Cofrin, Atlanta, Ga., for plaintiffs.

John C. Ringhausen, Lamberth, Bonapfel, Cifelli & Willson, P.A., Atlanta, Ga., for defendants.

## ORDER

A. DAVID KAHN, Chief Judge.

Plaintiffs filed the above-styled adversary complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2). It is before the Court on Defendant–Debtors' Motion to Dismiss and Plaintiffs' Motion for Change of Venue. For the following reasons, the Court will deny both Motions.

### A. MOTION TO DISMISS

Defendant–Debtors move to dismiss the instant complaint on the ground that it is untimely. Bankruptcy Rule 4007(c) provides that

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all credi-

tors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

In the case *sub judice*, the Clerk's Office generated by computer and caused to be served on all creditors and parties in interest an "Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stay" dated November 21, 1988 in which December 19, 1988 was set for the meeting of creditors and February 17, 1989 was given as the last day to file complaints pursuant to § 523(c). That Order and Notice also listed the name of the interim trustee. Later it was discovered that the interim trustee had a conflict and could not serve in the case.

Upon notice of the conflict, the Clerk's Office then generated by computer and caused to be served on all creditors and parties in interest another "Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stay" dated January 9, 1989. This new Order and Notice set the meeting of creditors for February 1, 1989 and gave April 3, 1989 as the last day to file complaints pursuant to § 523(c). It also listed the name of the new interim trustee. "A.D. Kahn, Bankruptcy Judge" appeared at the bottom of both the first and second Order. In reliance upon this second Order and Notice, Plaintiffs filed the instant complaint on March 31, 1988.

It is clear that the Clerk's issuance of the second Order and Notice containing a new bar date was erroneous in that it violated Bankruptcy Rule 4007(c). Pursuant to that Rule, the last day to file complaint under § 523(c) is "60 days following the *first* date set for the meeting of creditors." (emphasis added). That date can only be extended "[o]n motion of any party in interest after hearing on notice." Bankr.Rule 4007(c). The motion must be made prior to the expiration of the bar date. *Id.*

The question remains: Which party must bear the consequences of the Clerk's mis-

take? The Court has carefully examined the cases on point. The general trend of the cases is to strictly enforce Bankr.Rule 4007(c). The Eleventh Circuit Court of Appeals has stated that

> The dictates of the Code and Rules are clear. It is not our place to change them. Under Rule 4007(c), any motion to extend the time period for filing a dischargeability complaint must be made *before* the running of that period. There is "almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a *late filed* motion to extend time to file a dischargeability complaint." *See In re Maher*, 51 B.R. 848, 852 (Bankr.N.D.Iowa 1985) (and cases cited therein).

*Byrd v. Alton (In re Alton )*, 837 F.2d 457, 459 (11th Cir.1988) (emphasis in original) (footnote omitted). In *Alton*, the debtor had failed to list Byrd as a creditor in his bankruptcy schedules. As a consequence, Byrd had received no notices from the Bankruptcy Court including notice of the bar date for complaints pursuant to § 523(c). However, the debtor's counsel had served Byrd with notice of the filing of the bankruptcy petition. The Court of Appeals held that actual notice of the bankruptcy was sufficient. Once aware of the bankruptcy, Byrd had the burden of ascertaining all of the pertinent dates and necessary information from the bankruptcy file.

The *Alton* case did not deal with a clerical error as in the proceeding *sub judice.* The cases dealing with clerical errors are split as upon whom the burden of the error should fall. In *Montgomery Ward and Co. v. Gardner (In re Gardner )*, 55 B.R. 89 (Bankr.D.C.1985), the clerk's office had sent a notice containing the wrong bar date. The correct bar date was January 29, but the notice gave the bar date as January 31. In reliance on the clerk's notice, Montgomery Ward filed its dischargeability complaint on January 31. In granting the debtor's motion to dismiss, the court stated that "the plain meaning of Bankruptcy Rules 4007(c) and 9006(b)(3) is that a court may extend the sixty-day period of Rule 4007(c) only upon a motion of an interested party made *before expiration* of

the sixty days." *Gardner* at 90 (emphasis in original).

In *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987), the clerk of court had mailed the § 341 notice to all creditors. The notice set the § 341 meeting of creditors but left blank the bar date for complaints under § 523(c). Upon inquiry, the creditor's attorneys were verbally informed by employees of the clerk's office that no bar date had been set. The creditor filed his complaint after the bar date prescribed by Bankr.Rule 4007(c) had passed. The Fifth Circuit Court of Appeals dismissed the complaint. It held that

> [i]n today's case Neeley was not notified of the exact bar date but he knew of the bankruptcy proceedings. Neeley's counsel received notice of the date of the initial meeting of creditors and in fact attended the meeting. Indeed, even before the meeting, Neeley had himself obtained a modification of the stay from the bankruptcy court. At that time, the factual basis of his objection, the fraudulent conduct of the debtor, was established. Under these circumstances, counsel's reliance on the blank in the form and on the oral assurances from the clerk's employees was misplaced. At the very least, Rule 4007(c) plainly requires that a creditor file his § 523(c) complaint, or his motion for extension, within 60 days from the date set for the initial creditors' meeting.

*Neeley*, 815 F.2d at 347.

Although *Neeley* seems to stand for the proposition that the deadline for complaints contained in Bankr.Rule 4007 must be strictly enforced under all circumstances, it does contain a footnote which supports an exception to the rule under facts similar to those present in the proceeding *sub judice.* In Footnote 5, the Court noted that "[f]or example, today's case is not one in which the clerk gave an affirmative but erroneous notice of a bar date upon which the creditor might reasonably have relied." 815 F.2d at 347, n. 5 (citations omitted). In the instant proceeding, the Clerk *did* affirmatively give Plaintiffs erroneous notice of the bar date.

A case which has similar facts to this proceeding is *Francis v. Riso* (*In re Riso*), 57 B.R. 789 (D.N.H.1986). In *Riso*, the debtor filed a voluntary Chapter 7 bankruptcy petition in the Southern District of Florida. A notice went out setting September 7, 1984 as the deadline for filing dischargeability complaints pursuant to § 523(c). The Court then found venue improper and transferred the case to the United States Bankruptcy Court for the District of New Hampshire. Francis, a creditor obtained an extension of time for filing complaints through October 27, 1984 from the Bankruptcy Court for the District of New Hampshire. On September 13, the clerk sent a routine order setting a new deadline of December 3, 1984 for filing complaints pursuant to § 523(c). Francis, in reliance on the new bar date, filed his dischargeability complaint on November 29, 1984.

■ The district court upheld the bankruptcy court's refusal to dismiss the complaint as untimely. "This court concludes the bankruptcy court has the inherent equitable power to correct its own mistake to present [sic] an injustice. Based on the facts in the present case, this court believes that an injustice would occur if plaintiff Francis were not allowed to file his objection to discharge." *Riso*, 57 B.R. at 793. Like the court in *Riso*, this Court finds that it would be a great injustice if Plaintiffs were precluded from maintaining their dischargeability complaint against Defendant–Debtors simply because they relied on an order of the court which was erroneously entered.

The Court agrees that, in almost all instances, Bankr.Rule 4007(c) should be strictly enforced. The Court will only step in under extreme circumstances with its equitable powers under § 105 to relieve a party from Rule 4007(c)'s explicit time table. However, where the clerk issues a second § 341 notice containing a new bar date prior to the expiration of the first bar date and there is no reason for a creditor to question the second notice, this Court's equitable powers will be used to prevent an injustice. Therefore, the Court will deny Defendant–Debtors' Motion to Dismiss.

## B. MOTION FOR CHANGE OF VENUE

■ Plaintiffs seek a change of venue of this proceeding from the Northern District of Georgia to the Eastern District of Michigan. In support of their Motion, Plaintiffs state that all of the acts upon which the debt in question is based took place in the state of Michigan and all of the witnesses, except for Defendant–Debtors, reside in Michigan. Plaintiffs allege that Defendant–Debtors "moved to Atlanta primarily to file bankruptcy in an area remote from their creditors in order to frustrate potential efforts to defeat the dischargeability of their debts." Plaintiffs' Brief in Support of Motion for Change of Venue at 2.

In opposition to the Motion for Change of Venue, Defendant–Debtors assert that they moved to Atlanta, Georgia in May of 1986 in order to obtain employment, which was approximately two and one-half years prior to their filing bankruptcy. They further assert that a change in venue would be inconvenient and impose a great financial burden upon them. They also state that Defendant–Debtor Haya Hershkovitz has been ill and that travel would pose a medical risk to her.

From the record before the Court, it appears that Defendant–Debtors' liability has been fixed pursuant to a Consent Judgment entered on or about January 21, 1987 by the Circuit Court for the County of Oakland, Michigan. *See* Consent Judgment attached as Exhibit C to Plaintiffs' Complaint. Although the Consent Judgment determined the amount of Defendant–Debtors' liability, it reserved the issue of fraud. The Judgment provides that "[t]he Court specifically makes no finding with respect to Plaintiffs' claim that the damages suffered by them were caused by the fraudulent acts of Defendants preserving a determination of that question for some future court should the question arise." Consent Judgment at 2. This Consent Judgment was entered *after* Defendant–Debtors had moved to Atlanta.

After considering the relevant factors discussed in *Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co.*, (*In re Commonwealth Oil Refining Co.*), 596 F.2d 1239 (5th Cir.1979), the Court finds that venue of this proceeding should remain in the Northern District Georgia. The financial burden and the state of Defendant–Debtor Haya Hershkovitz's health weigh heavily toward retaining venue in this District. The Court finds another fact highly significant. The Consent Judgment reserving the issue of fraud was entered *after* Defendant–Debtors moved to Atlanta. In reserving the issue of fraud "for some future court should the question arise," it is clear that the Parties, including Plaintiffs, contemplated that Defendant–Debtors could file a bankruptcy petition. Therefore, Plaintiffs knew or should have known that there was a strong possibility that they would be litigating in a jurisdiction other than the Eastern District of Michigan. They chose not to pursue a determination of the issue of fraud in the Circuit Court for the County of Oakland, Michigan. Thus, although the Court is somewhat sympathetic to the Plaintiffs' burden in litigating the dischargeability complaint in the Northern District of Georgia, it cannot override the great burden it would place upon Defendant–Debtors to litigate the matter in the Eastern District of Michigan. Therefore, the Court will deny Plaintiffs' Motion for Change of Venue.

In accordance with the reasoning above, IT IS THE ORDER OF THE COURT that Defendant–Debtors' Motion to Dismiss be, and the same hereby is, DENIED.

IT IS THE FURTHER ORDER OF THE COURT that Plaintiffs' Motion for Change of Venue be, and the same hereby is, DENIED.

IT IS SO ORDERED.