In re Adelaida CORTES.

OAK HOLLOW SOUTH ASSOCIATES

v.

Adelaida CORTES.

Civ. A. No. 90–6527.

United States District Court,
E.D. Pennsylvania.

April 1, 1991.

. Richard A. Umbenhauer, Lancaster, Pa., for petitioner.

James R. Leonard, Lancaster, Pa., for respondent.

OPINION

CAHN, District Judge.

Oak Hollow South Associates ("Oak Hollow") appeals from the dismissal of its Complaint Objecting to Discharge of Debtor. This court has jurisdiction of the action pursuant to 28 U.S.C. § 158(a). For the reasons set forth below, I shall reverse the dismissal and order the complaint reinstated.

## I. BACKGROUND

The current dispute arose after the clerk of the bankruptcy court issued two notices which provided conflicting information as to the bar date for Section 523(c) complaints.[1] The debtor, Adelaida Cortes, filed a Chapter 7 Petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania on September 28, 1989. On November 22, 1989 the court issued its first notice, advising the recipients that Cortes had filed for Chapter 7 protection, setting December 12, 1989 as the date for the creditors' meeting, establishing February 10, 1990 as the deadline for filing § 523(c) complaints, and appointing Richard A. Umbenhauer as interim trustee. Mr. Umbenhauer advised the court on December 8, 1989 that he had a conflict of interest and, therefore, could not serve as trustee. As a result, on December 21, 1989 the court issued a second notice appointing a new interim trustee, establishing January 18, 1990 as the date for the first meeting of creditors, and erroneously publishing March 19, 1990 as the bar date for § 523(c) complaints.

In reliance on the defective second notice, the appellant filed its complaint on March 19, 1990. On August 31, 1990 the court dismissed Oak Hollow's complaint as untimely, citing *In re Kearney*, 105 B.R. 260 (Bankr.E.D.Pa.1989); *In re Kise*, 84 B.R. 36 (Bankr.E.D.Pa.1988); *In re Betinsky*, 58 B.R. 814 (Bankr.E.D.Pa.1986); and *In re Yancey*, 46 B.R. 621 (Bankr.E.D.Pa. 1985).[2]

## II. STANDARD OF REVIEW

■ This case presents a legal question, that is, whether the bankruptcy court erred as a matter of law in dismissing Oak Hollow's complaint as untimely. Regarding questions of law, this court makes an independent determination on a *de novo* basis. *In re J & J Record Distrib. Corp.*, 84 B.R. 364, 366 (E.D.Pa.1988); *In re Gillen*, 69 B.R. 255, 256 (E.D.Pa.1986).

## III. DISCUSSION

■ The current problem arose because a notice issued by the clerk pursuant to Bankr.R. 2002 established a bar date that violated Bankr.R. 4007(c). Rule 4007(c) provides:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Bankr.R. 4007. The "first date set" for the creditors' meeting determines the bar date regardless of whether the meeting is actually held. *In re Schoofs*, 115 B.R. 1, 2 (Bankr.D.D.C.1990) (citing *In re Rhodes*, 61 B.R. 626, 628–29 (9th Cir.BAP 1986) and *In re Bartlett*, 87 B.R. 445 (Bankr.W.D.Ky. 1988)); *see also* 8 Collier on Bankruptcy ¶ 4004.03[1], at 4004–8.

In this case the first date set was December 12, 1989. Therefore, Bankr.R. 4007 required that dischargeability complaints be filed prior to February 10, 1990, sixty days after the first date set. The second notice issued by the court notified the creditors of a March 19, 1990 bar date. When Oak Hollow filed its complaint on March 19, 1990, it complied with the notice from the clerk's office but violated Bankr.R. 4007.

---

**1.** Section 523(c) of the Bankruptcy Code ("Code") allows a creditor to file a complaint to determine if the debt owed to the creditor is excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6). 11 U.S.C. § 523(c).

**2.** The court below wrote no opinion, but cited a number of opinions from the Eastern District of Pennyslvania bankruptcy court in support of the dismissal.

Relying on *In re Kearney*, 105 B.R. 260 (Bankr.E.D.Pa.1989), the court below refused to allow Oak Hollow's untimely complaint to stand. *Kearney* starts from the proposition that "as the bankruptcy court's discretion in this area has been eroded by carefully considered rules, the court should be cautious in exercising any equitable power" to enlarge the deadline for filing complaints. 105 B.R. at 263 (citing cases). Moreover, *Kearney* emphasizes that the policy of achieving uniform and expeditious judicial administration of bankruptcy cases requires strict adherence to time limits set by procedural rules.[3]

*Kearney* attempts to distinguish the line of cases which allow the filing of untimely complaints under circumstances similar to those here. *Kearney* explains that some of the conflicting cases involved creditors who received no notice, as opposed to erroneous notice, from the court. 105 B.R. at 264 (citing *South Dakota Cement Plant v. Jimco Ready Mix Co.*, 57 B.R. 396 (D.S.D. 1986) and *In re Schwartz & Meyers*, 64 B.R. 948, 953 (Bankr.S.D.N.Y.1986)).

Then, *Kearney* distinguishes cases in which the creditors relied on an order of the court, rather than a notice from the clerk. 105 B.R. at 265 (citing *In re Riso*, 57 B.R. 789, 793 (D.N.H.1986), *aff'd*, 57 B.R. 789 (D.N.H.1986)[4] and *In re Hickey*, 58 B.R. 106 (Bankr.S.D.Oh.1986)). According to the *Kearney* court, although reliance on an order signed by a judge is understandable, "reliance upon information provided by a court clerk which contradicts a

rule of procedure is not reasonable." 105 B.R. at 265.

I must respectfully disagree with the proposition that reliance on a notice issued by the clerk's office cannot be reasonable. Bankr.R. 2002, incorporated into Rules 4004 and 4007,[5] provides unequivocally that the clerk, not the judge, shall provide notice of the bar date for dischargeability complaints:

> [T]he clerk ... shall give the debtor, all creditors and indenture trustees notice by mail of ... (5) the time fixed for filing a complaint objecting to the debtor's discharge pursuant to § 727 of the Code as provided in Rule 4004; (6) the time fixed for filing a complaint to determine the dischargeability of a debt pursuant to § 523 of the Code as provided in Rule 4007.

Bankr.R. 2002(f)(6) (emphasis supplied).

 Therefore, this court agrees with the line of cases allowing untimely complaints when the creditor had relied on erroneous information from the clerk's office. *See, e.g., In re Anwiler*,[6] 115 B.R. 661 (9th Cir.BAP 1990); *In re Schoofs, supra; In re Hershkovitz*, 101 B.R. 816, 819 (Bankr. N.D.Ga.1989); *In re Sibley*, 71 B.R. 147, 148–49 (Bankr.D.Mass.1987); *In re Schwartz & Meyers*, 64 B.R. 948, 955 (Bankr.S.D.N.Y.1986); *In re Hickey*, 58 B.R. 106, 108–09 (Bankr.S.D.Oh.1986); *see also* 8 Collier on Bankruptcy ¶ 4007.05[2], at 4007–13 n. 28 (rule that actual notice of bankruptcy sufficient to establish notice of bar date subject to limited exception when clerk has affirmatively provided notice of

---

**3.** *Kearney* involved an action brought pursuant to 11 U.S.C. § 727(a)(4), which is an objection to the bankruptcy. Bankr.R. 4004 governs such an action. The case under consideration involves an objection to the discharge of a particular debt pursuant to 11 U.S.C. § 523. Bankr.R. 4007 applies to this action. The *Kearney* court noted that because the two rules contain virtually identical language, the analysis in cases arising under Rule 4004 is equally applicable to cases arising under Rule 4007. 105 B.R. at 261 n. 1 & 263.

**4.** In fact *Riso* also involved an order generated by court personnel, although the judge's name was typed at the bottom. "[T]he courts did not even pause to discuss" the fact that the *Riso* order was not an order signed by the judge. *In*

re Schwartz & Meyers, 64 B.R. 948, 954 n. 9 (Bankr.S.D.N.Y.1986). Therefore, *Riso* is not distinguishable on the basis of who issued the order. Furthermore, as discussed *infra*, the author of the notice or order is not relevant under these circumstances.

**5.** Rules 4004 and 4007 state that the clerk shall give all parties notice of the bar date as provided in Rule 2002.

**6.** After the publication of *Kearney*, the opinion cited here reversed a decision upon which *Kearney* relied. *See Kearney*, 105 B.R. at 263 (citing *In re Anwiler*, 99 B.R. 41, 45–46 (Bankr.S.D.Cal. 1989), *rev'd, In re Anwiler*, 115 B.R. 661 (9th Cir.BAP 1990)).

incorrect bar date) (citing *Hershkovitz, supra*).

The fact that the erroneous bar date published by the clerk's office conflicts with a procedural rule is immaterial where the same rules provide that the notice of the bar date is to come from the clerk's office. Indeed, the "notice requirement ... negates any presumption that creditors are familiar with the time limitation provided by [the rules]." *Schwartz & Meyers*, 64 B.R. at 953. Moreover, this court is

> not inclined to view the action of an official of the court, regularly taken, as one which may be considered as detached from the institutional structure of which he is a member.... Nor should a party be responsible for a possible procedural defect in a notice or order issued by the court where the defect is not apparent from the face of the document, and such party lacks notice or knowledge of such defect.

*Anwiler*, 115 B.R. at 665–666.

In filing its complaint, Oak Hollow reasonably relied on a notice issued, pursuant to Rules 4007 and 2002, by the clerk's office. The dismissal of the complaint here all but eliminates the notice requirement of Rule 2002 incorporated into Rules 4004 and 4007.[7] As stated in *Schoofs*,

> the rules unequivocally require that notice of the deadline for filing discharge and dischargeability complaints "shall" be given. That means notice of the correct bar date. To hold that the notice requirement is satisfied if creditors receive notice of conflicting bar dates, the erroneous one following the first, would

render the notice requirement meaningless.

115 B.R. at 3–4. Furthermore, in the face of the affirmatively erroneous information issued by the clerk, dismissal of Oak Hollow's complaint would result in an obvious injustice. *Neeley v. Murchison*, 815 F.2d 345, 347 & n. 5 (5th Cir.1987) (dictum); *accord Hershkovitz*, 101 B.R. at 818.

Under these circumstances, the impact of a decision to extend the deadline on the policy of expeditious processing of the bankruptcy is limited.[8] In comparison, "the characterization of a debt as nondischargeable is too critical a facet of the Chapter 7 process to allow the deadline to slip by silently or erroneously." *Schwartz & Meyers*, 64 B.R. at 955. Therefore, on balance, the policies embodied in federal bankruptcy law and procedure are best served by allowing the untimely filing of a dischargeability complaint when the creditor has reasonably relied on an erroneous notice from the court. *See Schwartz & Meyers*, 64 B.R. at 954 (reliance by creditor on an erroneous deadline outweighed prejudice to debtor); *Riso*, 57 B.R. at 789 (same).

For the foregoing reasons, I shall reverse the decision below and order Oak Hollow's complaint reinstated. An order follows.

### ORDER

AND NOW, this 1st day of April, 1991, IT IS ORDERED THAT the decision of the Bankruptcy Court is REVERSED and judgment is hereby entered for the appellant and against the appellee. This case is REMANDED to the Bankruptcy Court with instructions to reinstate the within com-

---

**7.** The bankruptcy rules could provide that lack of notice does not affect the time for filing or authorize the court to relieve a party for failure to file within the time allowed. *Cf.* Fed.R.Civ.P. 77(d). They do not contain such a provision. *See Schoofs*, 115 B.R. at 3 n. 3.

**8.** It is noted that this case does not involve a creditor who filed a complaint after the expiration of the erroneous bar date, *see, e.g., In re Hill*, 811 F.2d 484 (9th Cir.1987), a creditor who had actual notice of the bankruptcy but not of the bar date and did not take reasonable steps to ascertain the bar date, *see, e.g., In re Sam*, 894 F.2d 778, 781 (5th Cir.1990); *In re Compton*, 891

F.2d 1180, 1184–85 (5th Cir.1990); *In re Rhodes*, 61 B.R. 626, 630 (9th Cir.BAP 1986), a creditor who failed to act diligently, *In re Tosenberger*, 67 B.R. 256, 258–59 (Bankr.N.D.Oh.1986) (reliance on absence of bar date notice unreasonable when creditor received discharge order five months prior to filing complaint), or a creditor who relied on an erroneous notice issued after the expiration of the original bar date, *see, e.g., In re Lewis*, 71 B.R. 633, 634 (Bankr.N.D.Ill. 1987); *In re Richards*, 43 B.R. 554 (Bankr.D. Minn.1984), *aff'd sub nom. F & M Marquette Nat'l Bank v. Richards*, 47 B.R. 423 (D.Minn.), *rev'd* 780 F.2d 24 (8th Cir.1985).

plaint. The clerk is directed to close the within docket for statistical purposes.