In re Doris J. ROSAGE and Glenn R. Rosage, d/b/a Westwood Garden Haven, Debtors–In–Possession.

CUB CADET CORPORATION, INC., Plaintiff,

v.

Doris J. ROSAGE and Glenn R. Rosage, d/b/a Westwood Garden Haven, Defendants.

Bankruptcy No. 94–22984–BM.
Adv. No. 95–02271–BM.

United States Bankruptcy Court, W.D. Pennsylvania.

Nov. 22, 1995.

Kevin S. Burger, Winters & Arcovio, P.C., Pittsburgh, PA, for Plaintiff.

James R. Walsh, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, PA, for Defendants.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtors maintain that the complaint against them in the above adversary action is untimely and that its filing is not supported by existing law. They seek dismissal of the complaint because it is untimely and imposition of sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011.

Plaintiff Cub Cadet Corporation, Inc. (hereinafter "Cub") insists that the complaint was timely and denies that Rule 9011 was violated.

Debtor's motion will be granted. The complaint will be dismissed because it is untimely. Also, because Rule 9011 was violated, sanctions will be imposed. However, we will defer determining an appropriate sanction until after an evidentiary hearing on the matter is held.

## I

### FACTS

Debtors are in the business of selling and servicing lawn and garden products. Plaintiff manufactures and distributes lawn mowers, parts, and accessories.

Debtors filed a voluntary chapter 11 petition on September 9, 1994. The above case was not their first bankruptcy filing. They previously had filed a bankruptcy petition in this district on March 25, 1985.

Cub was listed on Schedule D of the present case as having a disputed secured claim against debtor Glenn Rosage in the amount of $1,438.47. Cub also was included on the mailing matrix supplied by debtors. The address given for Cub was correct.

On September 27, 1994, the clerk of this court sent notice of commencement of debtors' chapter 11 case to all creditors listed on the mailing matrix supplied by debtors. The notice stated that the § 341(a) meeting of creditors was scheduled for November 4, 1994; that the deadline for filing a complaint objecting to the dischargeability of certain types of debt was January 3, 1995; and that the deadline for filing a proof of claim was February 2, 1995.

The notice also contained the following language:

> ... If a creditor believes that the debtor should not receive a discharge under Sec. 1141(d)(3)(c) of the Bankruptcy Code, timely action must be taken in the bankruptcy court in accordance with Bankruptcy Rule 4004(a). If a creditor believes that a debt owed to the creditor is not dischargeable under Sec. 523(a)(2), (4), or (6) of the Bankruptcy Code, timely action must be taken by the deadline set forth above labeled "Discharge of Debts"....

On September 30, 1994, counsel to debtors certified that on September 28, 1994, he had sent a separate notice to all creditors on the mailing matrix informing them that the bar date for filing a proof of claim was February 2, 1995. The notice sent by debtors' counsel did not indicate the last day for objecting to dischargeability pursuant to § 523(a)(2), (4), or (6).

Cub filed a timely claim asserting a secured claim in the amount of $8,421.24. Debtors subsequently objected to Cub's claim and asserted that the amount of its claim should not exceed $1,438.48. Determination of debtors' objection to Cub's claim has been postponed for determination along

with an adversary action other than the one now before us.[1]

Debtors' disclosure statement was approved on June 1, 1995. Paragraph 6 of the order provided as follows:

> Pursuant to Bankruptcy Rule 4004(a), the last date for filing a complaint objecting to discharge shall not be later than July 27, 1995.

On July 27, 1995, nearly seven months after the deadline for objecting to dischargeability of certain debts, Cub brought the above adversary action pursuant to § 523(a)(2), (4), and (6) objecting to dischargeability of the above debt. A hearing was held that same day on confirmation of debtors' proposed plan of reorganization. An order confirming the plan was issued the next day.

On August 3, 1995, debtors responded to the above adversary action by bringing a motion to dismiss it and for sanctions pursuant to Rule 9011. According to debtors, the adversary action had to be dismissed because it was untimely. They also asserted that reasonable investigation by Cub would have revealed that the compliant was untimely and that we lacked jurisdiction to adjudicate it.

Cub admits that it received the notice sent by debtors' counsel informing all creditors on the mailing matrix of the bar date for filing a proof of claim. It steadfastly denies, however, that it received the notice of commencement of the chapter 11 case sent by the clerk of this court on September 27, 1994, wherein notice was given that the deadline for objecting to dischargeability of certain debts was January 3, 1995.

In support of its contention that it received no such notice, Cub has submitted a sworn affidavit by its counsel. Cub's counsel asserts that it has been Cub's practice to forward to him all notices Cub received from the bankruptcy court. He did not, however, receive from Cub the notice sent by the clerk on September 27, 1994. The first notice he received, counsel avers, was the notice of the bar date for filing a claim sent to all creditors

on September 28, 1994, by debtors' counsel. Cub's counsel claims that he received the latter notice on October 6, 1994, approximately one month after debtors had filed their bankruptcy petition.

A hearing on debtors' motion to dismiss and Cub's opposition thereto was held on October 19, 1995.

## II

### DISCUSSION

#### I) *MOTION TO DISMISS*

Cub opposes debtors' motion to dismiss its complaint on two grounds. It argues that its complaint was filed in a timely manner. Alternatively, if it was not timely filed, Cub maintains that the deadline should not be enforced in light of the circumstances of this case.

We shall consider these contention *seriatim*.

#### A. Was Cub's Complaint Timely?

Cub insists that its complaint was filed in a timely manner. According to Cub, it relied upon the provision contained in the order of June 1, 1995 that, pursuant to Bankruptcy Rule 4004(a), the last day for filing a complaint objecting to discharge was July 27, 1995. The complaint in this adversary action was filed on July 27, 1995.

This argument is without merit. Any reliance by Cub upon this provision in the order of June 1, 1995, was completely misplaced. Bankruptcy Rule 4004(a), which is referred to in the order, applies by its own terms to objections to general discharge pursuant to 11 U.S.C. § 727(a). It provides in relevant part as follows:

> (a) TIME FOR FILING COMPLAINT OBJECTING TO DISCHARGE; NOTICE OF TIME FIXED. In a chapter 7 liquidation case, a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the

---

1. Debtors' objection to Cub Cadet's claim has since been resolved and Cub Cadet Corporation

has been paid in full the sum of 1,438.48.

meeting of creditors held pursuant to § 341(a). In a chapter 11 reorganization case, such complaint shall be filed not later than the date set for the hearing on confirmation.... (Emphasis added.)

This rule is not relevant to the present case. As we previously indicated, Cub's complaint is based on § 523(a)(2), (4), and (6), not on § 727(a). That is to say, Cub has objected on various grounds to the dischargeability of the particular debt owed to it by debtors. It has not objected to debtors' general discharge. The deadline for objecting to dischargeability pursuant to § 523(a)(2), (4), or (6) is set forth elsewhere in the rules.

An order confirming a chapter 11 plan of reorganization generally discharges an individual debtor from liability for any and all prepetition debts. *See* 11 U.S.C. § 1141(d)(1)(A). It does not, however, discharge an individual debtor from any debt excepted from discharge pursuant to § 523 of the Bankruptcy Code. *See* 11 U.S.C. § 1141(d)(2). Section 523(a) of the Code sets forth various scenarios in which a particular prepetition debt is not dischargeable. Section 523(c)(1) provides in relevant part as follows with respect to certain of these debts:

.... the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed ..., the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6).... under subsection (a) of this section.

11 U.S.C. § 523(c)(1).

This provision requires a creditor to whom a debt is owed under § 523(a)(2), (4), or (6) to commence a proceeding in the bankruptcy court for an exception to dischargeability. Failure to do so will result in the discharge of the debt. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5865–5867, 6320–6321.

Section 523(c)(1) sets no time limit within which a creditor must initiate a proceeding to determine the dischargeability of the types of debt enumerated therein. The time limita-

tion in a chapter 11 case within which a creditor objecting to dischargeability of a debt under § 523(a)(2), (4), or (6) must file a complaint is set forth in Bankruptcy Rule 4007, which provides in relevant part as follows:

**(b) TIME FOR COMMENCING PROCEEDING OTHER THAN UNDER § 523(c) OF THE CODE.** A complaint other than under § 523(c) may be filed at any time....

**(c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 11 REORGANIZATION ...; NOTICE OF TIME FIXED.** A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

 There is no time limit for filing a complaint objecting to dischargeability under § 523(a)(1), (3), (5), (7), (8), (9), (10), (11), and (12). The bankruptcy court and any appropriate nonbankruptcy forum have concurrent jurisdiction to decide such cases. By contrast, a definite deadline is prescribed for actions brought under § 523(a)(2), (4), or (6). Exclusive jurisdiction over these actions resides in the bankruptcy court. If a complaint is not filed in accordance with the deadline, the debt in question is discharged. *See* Advisory Committee Note (1983).

In light of the above law and the following circumstances, we conclude that Cub's complaint in this case was not filed in a timely manner: the § 341(a) meeting of creditors initially was set for November 4, 1994; the deadline for objecting pursuant to § 523(a)(2), (4), or (6) to the dischargeability of a debt was January 3, 1995; Cub did not file its complaint in the above adversary action until July 27, 1995, nearly nine (9) months after the first date set for the § 341(a) meeting and nearly seven (7) months after the deadline for bringing an

action pursuant to § 523(a)(2), (4), or (6); notice of the time so fixed was given by the clerk of the bankruptcy court on September 27, 1994, more than sixty (60) days prior to the deadline; Cub did not request an extension of the time for bringing such an action before the deadline of January 3, 1995.

## B. Must The Deadline Be Enforced?

The determination that Cub's complaint was not filed in a timely manner is not the end of the matter. It remains for us to determine whether the deadline should be enforced.

While conceding that it received the notice of the bar date for filing a proof of claim sent to it by debtors' counsel, Cub denies ever receiving the official notice of the commencement of the chapter 11 case sent by the clerk of this court, which notice set forth the deadline of January 3, 1995 for objecting to dischargeability of a debt pursuant to § 523(a)(2), (4), or (6).

Cub argues that the deadline should not be enforced because it did not receive the notice from the clerk. Its contention is without merit for several reasons.

When notice is properly addressed and mailed, a rebuttable presumption arises that proper notice was given. *See In re Schepps Food Stores, Inc.*, 152 B.R. 136, 139 (Bankr.S.D.Tex.1993). Evidence that a properly addressed notice was placed in the mail creates a presumption that it arrived at its destination and was received by the party to whom it was addressed. *See Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir.1989).

If there is a dispute as to notice, the issue that must be resolved is whether the sender properly mailed the notice, not whether the intended recipient received it. *See Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 207 (9th Cir.1991); *also In re Schepps*, 152 B.R. at 139. Mere denial by the addressee that it received the notice is insufficient to rebut the presumption that proper notice was given. *See In re Eagle Bus Manufacturing, Inc.*, 62 F.3d 730, 735 (5th Cir.1995). The presumption is rebuttable only by a showing that in reality the

mailing was not accomplished. *Id.* For instance, it may be rebutted by evidence that the notice was never mailed or that other creditors also did not receive the notice. *Id.*

The sole submission by Cub concerning this issue is the affidavit submitted by its counsel. Our review of the averments of the affidavit convinces us that it does not rebut the presumption that the notice in question was mailed by the clerk of this court.

Assuming that we take all the factual averments in the affidavit as true, the most the affidavit establishes is that Cub's counsel never received the notice from Cub. Nothing in the affidavit rebuts the presumption that the notice in question was not sent by the clerk. It does not even tend to show that Cub never received it. Counsel to Cub asserts only that he never received the notice either directly from the clerk or from Cub. This is consistent with the proposition that the notice was sent by the clerk and that Cub received it. For all we know, Cub's counsel did not receive the notice because Cub failed to forward it on to him.

Cub's assertion that the deadline should not be enforced in this instance must be rejected even if we assume arguendo that the clerk of this court somehow failed to mail to Cub the notice setting forth the deadline for objecting to dischargeability pursuant to § 523(a)(2), (4), or (6). Cub unquestionably had notice of debtors' bankruptcy case by late-September or early-October of 1994, when it received from debtors' counsel the notice of the bar date for filing a proof of claim sent to all creditors on the mailing matrix. Familiarity with the esoterica of bankruptcy law was not required to comprehend that debtors had filed for bankruptcy protection.

It is well-established law that a creditor having both actual knowledge of a bankruptcy case and a reasonable opportunity to object to dischargeability pursuant to § 523(a)(2), (4), or (6) prior to the prescribed deadline for so doing may not file an untimely complaint. *See, e.g., In re Williamson*, 15 F.3d 1037, 1039 (11th Cir.1994); *Matter of Compton*, 891 F.2d 1180, 1185–86 (5th Cir. 1990); *In re Green*, 876 F.2d 854, 856 (10th

Cir.1989); *In re Price*, 871 F.2d 97, 99 (9th Cir.1989); *In re Alton*, 837 F.2d 457, 459 (11th Cir.1988); *Neeley v. Murchison (In re Murchison)*, 815 F.2d 345, 347 (5th Cir.1987).

Not only did Cub fail to file its complaint prior to the deadline, it also did not request prior to that deadline an extension of time within which to file it, as is required by the express language of Bankruptcy Rule 4007(a). Even if Cub now were to request an extension on the ground that its failure to file in a timely manner was due to excusable neglect, we would have to deny the request and dismiss its complaint as untimely.

■ Bankruptcy Rule 9006(b)(1) [2] provides that we have discretion to permit an act to be done after expiration of the specified time period where failure to so act was the result of excusable neglect. Bankruptcy Rule 9006(b)(3), however, limits our discretion to extend the deadline for objecting to dischargeability of a debt pursuant to § 523(a)(2), (4), or (6). It provides in relevant part that:

> The court may enlarge the time for taking action under Rule[ ] . . . 4007(c). . . ., only to the extent and under the conditions stated [therein]. . . .

Bankruptcy Rule 9006(b)(3).

Excusable neglect, in other words, is not a cognizable basis for granting a motion to extend the deadline for objecting to dischargeability pursuant to § 523(a)(2), (4), or (6) when the motion is made after the deadline for objecting to dischargeability has passed. *See Neeley*, 815 F.2d at 346.

Debtors' motion to dismiss Cub's complaint in the above adversary action shall be granted.

## II) *MOTION FOR SANCTIONS*

■ Debtors also maintain that commencement of the above adversary action violated Bankruptcy Rule 9011. Reasonable

investigation of controlling law, they insist, would have disclosed that the filing was untimely under Bankruptcy Rule 4007(c) and that we lack jurisdiction to adjudicate the matter because the prescribed deadline had passed. Debtors seek an order directing Cub to pay counsel fees and costs the bankruptcy estate has incurred as a result of Cub's improper filing.

In its response to debtors' motion, Cub states that it relied upon the order of June 1, 1995, in filing the complaint when it did. According to Cub, its course of action is supported by *In re Cortes*, 125 B.R. 418 (E.D.Pa.1991).

Bankruptcy Rule 9011 provides in pertinent part as follows:

> (a) *Signature.* Every petition, pleading, and other paper served in a case under the Code on behalf of a party represented by an attorney . . . shall be signed by at least one attorney of record in the attorney's individual name. . . . A party who is not represented by an attorney shall sign all papers. . . . The signature of an attorney or a party constitutes a certification that the attorney or party has read the document, that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it was not interposed for any improper purpose. . . . If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the docu-

2. Bankruptcy Rule 9006(b)(1) provides in relevant part as follows:

> (1) IN GENERAL. Except as provided in paragraphs (2) and (3) of this subsection, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause show may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

ment, including a reasonable attorney's fee.

Bankruptcy Rule 9011 tracks FED.R.CIV.P. 11, with only such modifications as are appropriate in bankruptcy matters. It discourages in bankruptcy proceedings the same types of conduct which FED. R.CIV.P. 11 proscribes. *Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584, 585 (3d Cir.1985). Rule 9011 is designed to discourage pleadings that are "frivolous, legally unreasonable, or without factual foundation". *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 157 (3d Cir.1986). Subjective good faith no longer provides the "safe harbor" it once did. The test is an objective one of reasonableness under the circumstances. *Dura Systems, Inc. v. Rothbury Investments, Ltd.*, 886 F.2d 551, 556 (3d Cir.1989), *cert. denied*, 493 U.S. 1046, 110 S.Ct. 844, 107 L.Ed.2d 838 (1990).

The complaint in the above adversary action was signed by Cub's counsel. Cub's reliance upon the order of June 1, 1995, as support for its decision to file the complaint some nine months after the first date set for the § 341(a) meeting of creditors was entirely unreasonable. Its decision to file the complaint when it did was unwarranted by existing law or any good faith argument for the extension, modification, or reversal thereof.

In a feeble attempt to show support in existing law for its conduct, Cub directs our attention to *In re Cortes*, 125 B.R. 418 (E.D.Pa.1991). Reliance upon *Cortes*, even assuming it is decided correctly, is misplaced.

In *Cortes*, a notice sent by the clerk of the bankruptcy court setting the deadline for objecting to dischargeability pursuant to § 523(a)(2), (4), or (6) was in error. Specifically, the deadline set was more than sixty days after the first date set for the § 341(a) meeting of creditors. 125 B.R. at 419. The court concluded that the policies of bankruptcy law and procedure were best served by permitting the untimely filing when the creditor reasonably relied upon the erroneous notice. 125 B.R. at 421.

The instant case is readily distinguishable from *Cortes*. To begin with, the deadline herein stated in the notice for objecting to

dischargeability pursuant to § 523(a)(2), (4), or (6) was correct. Moreover, according to Cub, it never received the notice issued in this case by the clerk of this court. Accordingly, if Cub is to be believed, it could not have relied on the deadline in the notice, let alone reasonably relied. The second notice, found in the order approving the disclosure statement and dealing with an altogether different deadline, was sent and received many months after the appropriate time frame had passed. Reliance thereon is irrelevant.

Now that we have determined that Bankruptcy Rule 9011 was violated when Cub filed its untimely complaint, it remains for us to determine what sanctions, if any, are appropriate.

Imposition of sanctions is mandatory, not discretionary, when Rule 9011 is violated. *See In re Chisum*, 847 F.2d 597, 599 (3d Cir.), *cert. denied*, 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988). Use of the word "shall" is meant to overcome the understandable reluctance of trial judges to sanction errant counsel or their clients. *Lieb*, 788 F.2d at 157. Rule 9011 does, however, grant the trial judge discretion to determine the type of sanction. The rule avoids placing explicit limitations on the kinds of sanctions that may be imposed. They need only be "appropriate". *Id.*

The primary purpose of Rule 11 is to deter abuses of the judicial process. *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988). Sanctions that deter are necessary to vindicate the court's authority, to remind those who need reminding of the protocol, and to ensure orderliness in the judicial process. *Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 394 (1st Cir.) *cert. denied*, 498 U.S. 891, 111 S.Ct. 233, 112 L.Ed.2d 193 (1990). Rule 11 is not intended, however, to "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories". *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir.1987).

A sanction is "appropriate" when it is the minimum that is required to deter the offending behavior. *Doering*, 857 F.2d at 482. The least severe sanction that is ade-

quate to effect deterrence should be imposed. *Id.*

As the language of Rule 9011 indicates, counsel fees and expenses may be an appropriate sanction. The starting point for determining the amount of attorney's fees is the so-called "lodestar" calculation which is the product of the number of hours reasonably spent in response to the objectionable action multiplied by an hourly fee based on the prevailing market rate. *Doering,* 857 F.2d at 195.

Although sanctions clearly are in order in this instance, we are unable given the present of the record to determine whether they should be imposed on Cub or its counsel, or both of them. We also are unable to determine what would be an appropriate sanction. Accordingly, an evidentiary hearing will be scheduled so the parties may offer evidence on these matters.