**In re Walter D. MACKAY, Debtor.**

**165248 Canada Ltd., Movant,**

v.

**Walter D. MacKay, Respondent,**

**165248 Canada Ltd., Plaintiff,**

v.

**Walter D. MacKay, Defendant.**

**Bankruptcy No. 5–02–bk–01057.
Adversary No. 5–02–ap–00157.**

United States Bankruptcy Court,
M.D. Pennsylvania.

April 15, 2005.

William G. Schwab, Lehighton, PA, for Debtor.

## OPINION [1]

JOHN J. THOMAS, Bankruptcy Judge.

Presently before the Court is a Motion of 165248 Canada Ltd. (hereinafter "Creditor" or "Canada") for Relief from Order of May 20, 2003, which dismissed the above-captioned adversary complaint without prejudice, and a Motion for Reconsideration of the Order of March 15, 2004 granting a Discharge to the Debtor and/or Relief from the Order of March 15, 2004.[2]

The Debtor filed his bankruptcy initially under Chapter 7 of the United States Bankruptcy Code. Canada filed a timely Complaint objecting to the Discharge of the Debtor. Thereafter, the Debtor requested a conversion of the case from Chapter 7 to one under Chapter 13. Several months after the conversion of the case to Chapter 13, the Debtor filed a Motion to Dismiss the underlying adversary complaint as moot, which was granted by the Court without prejudice. This Order was not appealed. Thereafter, the Court issued an Order converting the Chapter 13 case back to one under Chapter 7. On March 15, 2004, the Court granted the Debtor a Discharge under 11 U.S.C. § 727. Ten days after the entry of that Order, Canada filed the instant Motions under consideration. In both Motions, Canada indicates that it did not file a new complaint objecting to discharge because counsel for Canada "did not remember that the complaint filed in this adversary proceeding had been dismissed." See Doc. No. 16A at ¶ 18 and Doc. No. 164 at ¶ 11.

Canada argues the Bankruptcy Practice Order and Forms for the Middle District of Pennsylvania ("B.P.O.") governing the procedural aspects of this case required the movant (Debtor) to file a brief in support of the Motion to Dismiss the adversary within ten (10) days of the filing of the Motion and, if a legal brief was not filed in support within the time provided, the underlying Motion shall be deemed withdrawn.[3] Canada's argument follows

---

1. Drafted with the assistance of Richard P. Rogers, Law Clerk.

2. During oral argument on these Motions, the Court, for reasons stated on the record, indicated that it intended to deny the Motion for Relief from the Order of May 20, 2003. On request of Canada, the Court did not make the ruling final but indicated that it was its intention to deny the Motion. By entry of this Opinion and attached Order, the Court hereby makes final its ruling on the Motion for Relief from the Order of May 20, 2003 and hereby denies that request for the reasons stated on the early record.

3. The Bankruptcy Practice Order and Forms for the Middle District of Pennsylvania at ¶ 7070–1, made applicable to adversary proceedings the Local Rules of the United States District Court for the Middle District of Pennsylvania, at L.R. 7–1 through 7–8. The Debtor denies the application of this paragraph of the B.P.O. because at the time the Motion to Dismiss was filed, this version of the B.P.O. had not been adopted. While this observation

that because the Motion to Dismiss was deemed withdrawn, there was no basis for this Court to issue an Order dismissing the adversary. Canada suggests that this is the type of mistake, oversight, or omission that Federal Rule of Civil Procedure 60(a)[4], as made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024, contemplates and, under the authority of that Rule, the Court should give Canada relief from this Order and hear the merits of the adversary complaint. Likewise, under Fed.R.Civ.P. 60(b)[5] as applicable to adversary proceedings, Canada should be held blameless for the conduct of its attorney whose action, or inaction, qualifies as the type of mistake or excusable neglect which would permit this Court to relieve Canada from both the entry of the Order dismissing the underlying adversary and the entry of the Discharge Order.

The Debtor responds that both the Order of May 20, 2003 dismissing the adversary and the Order of March 15, 2004 granting the Discharge are not subject to the provisions of Fed.R.Civ.P. 60 which excepts Discharge Orders from the applicability of Fed.R.Civ.P. 60. Additionally, the failure of Canada to monitor the case and the proceedings therein do not rise to the level of "extraordinary circumstances" required under Fed.R.Civ.P. 60(b). Furthermore, the issuance of the Order of May 20, 2003 dismissing the adversary was not the result of a clerical error and therefore, again, does not fall within the constraints of Fed.R.Civ.P. 60(a). The Debtor argues that Canada has not and cannot raise a meritorious defense to the Motion to Dismiss the underlying complaint as moot because of the conversion of the case to Chapter 13, resulting in the Order dated May 20, 2003. The Debtor contends that Canada is attempting to use procedural mechanisms not otherwise available to it under Fed. R. Bank. P. 9024 to revoke Debtor's Discharge. Quoting that Rule, the Debtor argues that while Fed.R.Civ.P. 60 applies in cases under the Code, that Rule provides an exception to complaints to revoke a discharge in chapter 7 liquidation cases which may be filed only within the time allowed by 11 U.S.C. § 727(e).

Colloquy with the lawyers for both parties resulted in a determination that the only issue for resolution was whether Rule 60(b) would give any relief to Canada concerning the entry of the Discharge Order. Canada agreed that the element of excusable neglect in Rule 60(b) was the linchpin

---

is technically true, the prior version of ¶ 7070 reads substantially the same as this paragraph as it is applied to the instant contested matters. Furthermore, the B.P.O. was vacated by Order of this Court dated December 30, 2004, and the paragraph of the B.P.O. in contention is now found in Local Bankruptcy Rule 7002–1, which once again makes the Local Rules of the United States District Court for the Middle District of Pennsylvania at Local Rule 7.1 through 7.8 applicable to adversary proceedings.

4. **Rule 60. Relief From Judgment or Order**

(a) **Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

5. **Rule 60. Relief From Judgment or Order**

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . .

of its argument. (Audio of 5/27/04 at 10:17:32 a.m.)

## DISCUSSION

■ Regardless of the parties' agreement that resolution of this matter will be determined on this Court's analysis of Rule 60(b), the Court cannot ignore the application of Fed. R. Bank. P. 9006 (Time) (b)(1) and (3). Those subsections read as follows.

**(b) Enlargement.**

**(1) In General.** Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done *where the failure to act was the result of excusable neglect.*

. . .

**(3) Enlargement Limited.** The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules. (Emphasis ours.)

Fed. R. Bank. P. 9006(b)(1), (3).

The Advisory Committee Notes to this Rule indicate that unless a rule contains a specific authorization to extend time as listed in paragraph 3, then an extension of time may be granted under paragraph 1 of the subdivision. Furthermore, if a rule is included in paragraph 3, an extension may not be granted under paragraph 1. Included within the Rules where enlargement is

limited is Rule 4004(a) which sets forth the time for filing a complaint objecting to discharge. This Rule must be read in conjunction with Rule 4004(b) (Extension of Time) which reads, "On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired." Fed. R. Bank. P. 4004(b).

■ With the impact of Fed. R. Bank. P. 9006 in mind, the Court questions what the Movant could expect to be accomplished by the granting of its Motion to reconsider the Discharge Order. Should the Court vacate the entry of the Discharge, would the procedural posture of the case provide the Movant with a remedy? This query is made keeping in mind that the original Complaint objecting to the discharge while this case was in the initial Chapter 7 was dismissed, and the Movant neither filed a motion for reconsideration nor an appeal of that dismissal. In other words, there is no pending complaint objecting to discharge. Furthermore, under Rule 4004(a), the time for filing a complaint objecting to discharge in the instant Chapter 7 had long since passed and had passed even at the time of the filing of the instant motions under consideration. With no timely request for an extension of time to file a complaint objecting to discharge under Rule 4004(b), the Court has neither discretion nor authority under Rule 9006(b)(3) to enlarge the time to file that complaint.

Case law is sparse on the dual application of Rules 4004(a) and 9006. The case of *McDowell v. McDowell,* 85 B.R. 717 (M.D.Pa. 1986) found that in a situation where there was a request to extend the time to file an objection to discharge, the period could not be extended when the request was filed after the time period provided in Rule 4004(a). The court fur-

ther found that reliance upon the "excusable neglect" portion of Rule 9006(b)(1) was not available to the movant in that case.[6] See also *In re Lokay,* 269 B.R. 132 (Bankr. W.D.Pa.2001); *In re Rosage,* 189 B.R. 73 (Bankr.W.D.Pa.1995).

It is for all the above reasons that the Court will deny the Motion for Reconsideration of the Order of March 15, 2004 granting a discharge to the Debtor and/or relief from the Order of March 15, 2004.

An Order will follow.

### ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that the Motions of 165248 Canada Ltd. for relief from Order of May 20, 2003 and a Motion for Reconsideration and/or relief from Order of March 15, 2004 are denied.

See also 325 B.R. 372, 2005 WL 1242351.

---

**6.** Similar rulings concerning the application of Rule 9006(b)(3) and Rule 4007(c) (complaints objecting to dischargeability of a debt), see *In re Hill,* 811 F.2d 484 (9th Cir.1987); *In re Rhodes,* 61 B.R. 626 (9th Cir. BAP 1986); *In re Ichinose,* 946 F.2d 1169 (5th Cir.1991).